UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ITS LOGISTICS, LLC,      )<br>)<br>     *Plaintiff*,      )<br>)<br>v.      )<br>)<br>FEDEX TRADE NETWORKS TRANSPORT &  )<br>BROKERAGE, INC.,      )<br>)<br>     *Defendant*.      )<br>) | CIVIL ACTION NO. |

## COMPLAINT and JURY DEMAND

The Plaintiff, ITS Logistics, LLC ("ITS"), by and through its undersigned counsel, states and alleges as follows:

### Background

ITS, a freight transportation broker, seeks judgment against the defendant, FedEx Trade Networks Transport & Brokerage, Inc. ("FTN"), a freight transportation broker or freight forwarder, for damages resulting from FTN's breach of the Parties' agreement under which ITS provided freight brokerage services in arranging for the transportation by motor vehicle of approximately 183 shipments of intermodal containerized freight, on intermodal chassis, between points in the United States between December 2021 and April 2023 at the request of and on behalf of FTN and FTN's customers. The total amount ITS demands in this lawsuit—$5,409,696.34—represents the amount due ITS for those brokerage services. Despite ITS' invoices and demands for payment, FTN has failed and refused to pay ITS.

52630688 v1

**Parties, Jurisdiction and Venue**

1.    ITS is a Delaware limited liability company with its headquarters and principal place of business at 555 Vista Blvd., Sparks, Nevada.

2.    At all times pertinent hereto ITS operated as a broker of interstate transportation of property by motor vehicle, and was registered as such with the Federal Motor Carrier Safety Administration ("FMCSA") pursuant to 49 U.S.C. § 13904.

3.    FTN is a corporation with its principal place of business at 6075 Poplar Avenue, Suite 422, Memphis, Tennessee.

4.    At all times pertinent hereto FTN operated as a freight broker or freight forwarder in interstate commerce and was registered as such with the FMCSA pursuant to 49 U.S.C. § 13903.

5.    This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

6.    This Court has personal jurisdiction over FTN and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because FTN conducts business in Tennessee, the acts or omissions giving rise to ITS' claims occurred within this judicial district, and because FTN consented to personal jurisdiction in Tennessee pursuant to its CO-BROKERAGE AGREEMENT BETWEEN LICENSED TRANSPORTATION BROKERS with ITS, as identified below.

52630688 v1

**Facts**

7.      On June 8, 2021, ITS and FTN entered into a CO-BROKERAGE AGREEMENT BETWEEN LICENSED TRANSPORTATION BROKERS (hereafter, "Agreement"), a copy of which is attached hereto as **Exhibit 1**.

8.      Pursuant to the Agreement,  ITS agreed to provide certain freight brokerage services for FTN, namely, upon request of FTN, ITS would arrange for the transportation by motor vehicle of shipments of intermodal containerized freight on intermodal chassis ("Shipments") for FTN's customers and hire and pay the underlying motor carriers for their transportation services (including costs and expenses); and, in turn, ITS would bill FTN for those services, costs and expenses (hereafter, "Brokerage Services").

9.      Pursuant to the Agreement, ITS and FTN agreed that for valuable consideration to be paid to ITS by FTN, ITS would provide the Brokerage Services arranging for the transportation, by motor vehicle, of Shipments on behalf of FTN and FTN's customers between points in the United States.

10.      The Agreement, ¶ 2, provides, *inter alia*:

> Broker (ITS) will be solely responsible for the payment of all charges directly to the [motor] carrier with which Broker has arranged the transportation. . . . Broker must pay [the underlying motor] carriers without set-off, deduction, or delay without good cause and the prior written consent of FedEx Trade Networks. Broker's obligation to pay carriers is an independent obligation from FedEx Trade Networks' obligation to pay Broker and FedEx Trade Networks has no obligation to pay or to see to the payment of any monies to any carrier.

11.      Between on or about December 2021 and April 2023, pursuant to the Agreement, FTN requested ITS to provide Brokerage Services for approximately 183 Shipments on behalf of FTN and FTN's customers, as summarized in **Exhibit 2** hereto.

52630688 v1

12. ITS provided Brokerage Services as requested.

13. ITS incurred the costs and expenses of providing the Brokerage Services, which were paid by or on behalf of ITS to the underlying motor carriers.

14. ITS billed FTN for its Brokerage Services in the total sum of $5,409,696.34, as shown in Exhibit 2.

15. ITS performed all the Brokerage Services that FTN requested under the Agreement.

16. Despite ITS' performance and billings to FTN, FTN has breached the Agreement by failing and refusing to pay ITS.

17. By letter dated November 21, 2023, **Exhibit 3** hereto, ITS made a formal demand on FTN for payment of the $5,409,696.34 charges due, but FTN has continued to refuse to pay ITS.

## COUNT I

### (Breach of Contract)

ITS repeats and realleges each of the allegations in paragraphs 1 through 17 of this Complaint as though separately set forth herein.

18. FTN agreed that it would pay ITS for providing the Brokerage Services requested by FTN.

19. ITS provided the Brokerage Services requested by FTN and incurred all of the costs and expenses necessary to provide the requested Brokerage Services.

20. ITS billed FTN for the Brokerage Services provided.

21. FTN has failed and refused to pay ITS the amounts due under the Agreement, despite ITS' demands for payment.

4

52630688 v1

22. FTN has breached the Agreement by refusing to pay ITS the amounts due under the Agreement.

23. As a result of FTN's aforesaid breach of the Agreement, ITS has been damaged in the sum of  $5,409,696.34, exclusive of interest, costs and expenses.

## COUNT II

### (Quantum Meruit)

ITS repeats and realleges each of the allegations in paragraphs 1 through 23 of this Complaint as though separately set forth herein.

24. ITS performed and furnished the Brokerage Services to FTN with the reasonable expectation that FTN would pay the reasonable value thereof, and FTN received the benefit of said Brokerage Services knowing that ITS expected to be paid the reasonable value thereof.

25. Notwithstanding ITS' demands for payment, FTN has not paid ITS the reasonable value of the Brokerage Services furnished by ITS.

26. The reasonable value of ITS' Brokerage Services, which remains unpaid by FTN, is $5,409,696.34.

27. Under the circumstances it would be unjust for FTN to retain the benefit of the Brokerage Services without paying for them.

28. ITS is therefore entitled to and demands judgment against FTN in the sum of $5,409,696.34, plus interest and costs for the reasonable value of the Brokerage Services it furnished to FTN, costs, expenses, and for such other relief as may be appropriate.

52630688 v1

## COUNT III

### (Unjust Enrichment)

ITS repeats and realleges each of the allegations in paragraphs 1 through 28 of this Complaint as though separately set forth herein.

29. ITS conferred a benefit on FTN by providing the Brokerage Services requested by FTN.

30. FTN has acknowledged receipt of the Brokerage Services and has appreciated that it received the benefit of the Brokerage Services.

31. FTN's acceptance of such benefit under these circumstances would be unjust and inequitable without payment to ITS of the value thereof.

32. ITS has exhausted all efforts to receive payment from FTN.

WHEREFORE, Plaintiff ITS Logistics, LLC prays that Court enter judgment as follows:

i.    Judgment for Plaintiff ITS Logistics, LLC against Defendant FedEx Trade Networks Transport & Brokerage, Inc. in the principal amount of $5,409,696.34, plus pre- and post-judgment interest at the maximum rate allowed by law; and

ii.   For such other and further relief as this Court may deem just and proper.

**PLAINTIFF ITS LOGISTICS, LLC DEMANDS A TRIAL BY JURY.**

6

52630688 v1

Respectfully submitted,

*/s/ Kenneth M. Bryant*
  Kenneth M. Bryant (Tenn. 12582)
  BURR & FORMAN LLP
  222 2nd Avenue S, Suite 2000
  Nashville, TN 37201
  Tel. (615) 724-3200
  kbryant@burr.com

and

Wesley S. Chused, *Pro Hac Vice to be filed*
Peter G. Callaghan, *Pro Hac Vice to be filed*
Daniel R. Sonneborn, *Pro Hac Vice to be filed*
PRETI FLAHERTY BELIVEAU & PACHIOS, LLP
60 State Street, Suite 1100
Boston, MA  02109
Tel. (617) 226-3800
wchused@preti.com
PCallaghan@preti.com
dsonneborn@preti.com

7

52630688 v1